# ORIGINAL

# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 15-060
(Not to be published)

FILED
APR 21 2015
U.S. COURT OF
FEDERAL CLAIMS

* * * * * * * * * * * * * * * * * * * * * * * *
REBECA VEGA HENCHYS,

               Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

               Respondent.

* * * * * * * * * * * * * * * * * * * * * * * *

Filed: April 21, 2015

Decision Dismissing the Petition;
Vaccine Act Entitlement;
Denial Without Hearing

*Rebeca Vega Henchys*, Aguadilla, PR, *pro se* Petitioner.

*Sarah Duncan*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION DISMISSING CASE[1]

On January 21, 2015, Rebeca Vega Henchys filed a petition (on behalf of her minor child) seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] In the petition (which was written in Spanish and translated by persons in the Court), Ms. Henchys alleged that her child received several vaccinations on April 13, 2004, and that the onset of his alleged vaccine-related injury occurred shortly thereafter.

Despite numerous efforts, my chambers has been unable to successfully communicate with Petitioner about the prosecution of this claim. My chambers originally sent Petitioner a letter on February 4, 2015, instructing her and/or her personal representative (if she could not communicate

---

[1] Because this decision contains a reasoned explanation for my action in this case, it will be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the inclusion of certain kinds of confidential information. To do so, Vaccine Rule 18(b) provides that each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. § 300aa-10 through 34 (2006)) [hereinafter "Vaccine Act" or "the Act"]. Individual sections references hereafter will be to § 300aa of the Act.

in English) to contact my chambers. ECF No. 5. Although Petitioner and her personal representative subsequently spoke briefly with my law clerk by telephone, I have since been unable to reach Petitioner at the phone number that she provided. My chambers again unsuccessfully attempted to contact Petitioner on March 19, 2015, by sending her a written order. ECF No. 6. At that time, I reminded Petitioner that as a *pro se* litigant (meaning not represented by an attorney) it was her job to move her case forward and respond to any correspondence from my chambers. I directed Petitioner to contact my chambers immediately upon receipt of the order, and informed her that failure to do so would place her case at risk of dismissal for failure to prosecute. My chambers has not been able to contact Petitioner since that time.

The Court may dismiss a petitioner's case for failure to prosecute if the petitioner fails to comply with court orders to attend to and litigate her case. *See, e.g., Sapharas v. Sec'y of Dep't of Health & Human Servs.*, 35 Fed. Cl. 503 (1996). Petitioner in this case has failed to communicate with my chambers regarding the petition that she filed, despite having been provided with numerous opportunities to do so. Furthermore, my March 19, 2015, order clearly placed Petitioner on notice that she risked dismissal of her case if she failed to respond to my order in a timely manner. It was Petitioner's responsibility to respond to communication from my chambers but she has failed to do so. Therefore, it is appropriate to dismiss Petitioner's claim for failure to prosecute her case.[3]

**Thus, this case is dismissed for failure to prosecute. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

Brian H. Corcoran
Special Master

---

[3] Besides issues pertaining to a potential language barrier, it appears from the face of the petition that Ms. Henchy's claim has significant statute of limitations problems. To receive compensation under the Vaccine Program, with respect to a vaccination that was administered after October 1, 1988, a petitioner is required file her claim within thirty-six months of the date of the first symptom or manifestation of the onset or significant aggravation of the alleged injury. § 16(a)(2). In this case, however, the vaccinations in question was allegedly administered on April 13, 2004, and the onset of symptoms allegedly began shortly thereafter. Therefore, the statutory thirty-six month period after the onset of symptoms expired more than seven years before this petition was filed on January 21, 2015 making it time-barred under § 300aa–16(a)(2).